UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALICE WINKLER

                              PLAINTIFF,           **COMPLAINT**

          -AGAINST-                            **ECF CASE**

NEW YORK CITY, POLICE OFFICER STEVEN
HENNESSY, SERGEANT JOHN DOE and PO JOHN
DOE, individually, and in their capacity as members of the
New York City Police Department,

                         DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff seeks relief for the violation of rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution, the New York State Constitution and New York Statutory and Common Law.

2. The claims arise from an incident on or about May 9, 2015, in which officers of the New York City Police Department acting under color of state law, intentionally and willfully subjected Plaintiff to, *inter alia*, assault, false imprisonment and intentional and negligent infliction of emotional distress.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Ms. Alice Winkler ("Ms. Winkler"), is a Citizen of the United States and at all times here relevant resided at 388 London Road, Staten Island, NY 10306.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Steven Hennessy ("PO Hennessy") and Sergeant John Doe (Sgt. John Doe) at all times here relevant were members of the New York City Police Department, and are sued in their individual and professional capacity.

9. Police Officer John Doe ("PO John Doe") was PO Hennessy' supervisor and at all times here relevant was a member of the New York City Police Department, and is sued in his individual and professional capacity.

10. At all times mentioned, defendants were acting under color of state law under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## NOTICE OF CLAIM

11. In accordance with General Municipal Law Section 50-e and within ninety days of the events giving rise to these claims, Plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller.  On October 23, 2015, Plaintiff appeared for a General Municipal Law § 50-h hearing.  At least thirty days have elapsed since the hearing and the New York City has failed to settle or otherwise dispose of this matter.

## FACTUAL ALLEGATIONS

12. Ms. Winkler is a retired NYPD detective and her husband, Mr. Winkler, is also a retired member of the NYPD.

13. On May 9, 2015, at approximately 3:00 p.m., Ms. Winkler was driving in her vehicle on London Road in Staten Island.

14. At the intersection of Rigby Avenue and Edinboro Road, Ms. Winkler's vehicle was almost hit by a fast-moving vehicle travelling from Edinboro Road.

15. The vehicle that almost hit Ms. Winkler was driving in the wrong direction on a one-way section of Edinboro Road.

16. The driver of the vehicle, Police Officer Hennessy ("PO Hennessy"), stopped and exited his vehicle.

17. Upon information and belief, PO Hennessy was on modified assignment at that time as a result of steroid use.

18. PO Hennessy ran towards Ms. Winkler's car, yelling obscenities in a violent and threatening manner.

19. PO Hennessy banged on Ms. Winkler's vehicle and grabbed the driver-side door.

20. Ms. Winkler feared that PO Hennessy would physically harm her.

21. Terrified, and in fear for her life, Ms. Winkler tried to drive away.

22. PO Hennessy prevented Ms. Winkler from driving away by standing in front of her vehicle and grabbing the front bumper.

23. Almost immediately, Ms. Winkler felt physically sick.

24. PO Hennessy then slapped Ms. Winkler's front bumper with his hand and threw himself on the ground.

25. PO Hennessy screamed and looked around for onlookers.

26. Ms. Winkler called 911.

27. PO Hennessy then went to his vehicle and took out his cell phone.

28. PO Hennessy then returned to Ms. Winkler's vehicle and started taking pictures of Ms. Winkler with his cell phone.

29. Ms. Winkler called her husband, who then arrived at the scene.

30. PO Hennessy had returned to his vehicle.

31. Upon information and belief, PO Hennessy called 911, identified himself as a police officer, and requested assistance.

32. Shortly thereafter, numerous ambulances, FDNY and NYPD vehicles arrived at the scene.

33. NYPD Officers spoke with PO Hennessy for some time.

34. Sgt. John Doe then falsely arrested Ms. Winkler.

35. Ms. Winkler began to feel extremely unwell and requested medical attention.

36. Ms. Winkler was taken in an ambulance, under police guard, to Staten Island Hospital.

4

37. At the hospital, Ms. Winkler was questioned by an NYPD Captain.

38. Ms. Winkler was later discharged from the hospital and no formal charges were brought against Ms. Winkler.

39. Later that night Ms. Winkler began to feel extremely unwell and returned to the hospital.

40. Ms. Winkler was admitted to the hospital and was hospitalized for approximately one week.

41. Ms. Winkler was diagnosed with stress cardiomyopathy and was given a catheterization.

42. After returning home for one day, Ms. Winkler was readmitted for another week suffering from pericarditis, having suffered a heart attack.

43. Ms. Winkler was diagnosed with Takotsubo.

44. As a result of this incident, Plaintiff has suffered permanent damage to her body, including lung and heart damage.

45. Plaintiff no longer trusts the police and has a fear of the police in general.

46. Plaintiff suffered following the incident and feels fear, embarrassment, humiliation, severe emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(Assault)

47. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

48. PO Hennessy approached Plaintiff and made Plaintiff fear, real or apparent, for her physical wellbeing and safety and placed her in apprehension of immediate harmful and/or offensive bodily contact.

49. Defendants are liable to Plaintiff under the laws of the State of New York and the New York State Constitution.

50. Plaintiff was damaged by Defendants' assault in an amount believed to equal or exceed the jurisdictional limit of this court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – False Arrest)

51. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

52. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

53. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely imprisoned by defendants.

54. Defendants confined Plaintiff.

55. Plaintiff was aware of, and did not consent to, her confinement.

56. The confinement was not privileged.

57. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

## THIRD CAUSE OF ACTION

(Respondeat Superior)

58. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

59. PO Hennessy was acting in his capacity as an officer of the NYPD when his actions damaged Plaintiff.

60. New York City, as PO Hennessy's employer, is vicariously liable for the damages suffered by Plaintiff as a result of the unlawful and wrongful acts of PO Hennessy.

61. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

62. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

63. Defendant PO Hennessy's conduct towards Plaintiff was extreme and outrageous.

64. Defendant PO Hennessy intended to cause Plaintiff severe emotional distress, or was reckless as to the substantial probability of his conduct causing severe emotional distress to Plaintiff.

65. Defendant PO Hennessy's conduct caused Plaintiff severe emotional distress.

66. Plaintiff has been damaged as a result of defendants' conduct in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

67. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

68. Defendant PO Hennessy's conduct towards Plaintiff was negligent, unreasonable and so extreme in degree and outrageous in character as to go beyond all possible bounds of decency.

69. Plaintiff witnessed Defendant PO Hennessy's conduct.

70. Defendant PO Hennessy's conduct caused Plaintiff severe emotional distress.

71. Defendant PO Hennessy knew, or should have known, that such distress was substantially certain to occur as a result of his negligent conduct.

72. Defendant PO Hennessy's conduct threatened Plaintiff with physical harm.

73. Plaintiff has been damaged as a result of Defendants' conduct in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SIXTH CAUSE OF ACTION

(Negligence Hiring, Training, Supervision and Retention)

74. New York City and PO John Doe knew, or should have known, that PO Hennessy had a propensity for the type of conduct that damaged Plaintiff.

75. New York City and PO John Doe failed to train, supervise or otherwise correct PO Hennessy's propensity for such conduct.

76. New York City and PO John Doe were negligent in retaining PO John Doe, whom they knew, or should have known, had a propensity for the type of conduct that damaged Plaintiff

77. New York City and PO John Doe's failure to take the necessary steps to train, supervise or otherwise correct PO Hennessy's propensity for such conduct was a substantial factor in Plaintiff suffering damages.

78. Plaintiff has been damaged as a result of Defendants' conduct in an amount believed to equal or exceed the jurisdictional limit of this Court.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

>In favor of Plaintiff in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional limit for each of plaintiff's causes of action;
>
>Awarding Plaintiff punitive damages in an amount to be determined by a jury;
>
>Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
>And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          January 13, 2016

By:   /s/
Duncan Peterson
Peterson Delle Cave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075